FILED
5/9/2023 12:02 PM
Kelly Ashmore
District Clerk
Grayson County

CV-23-0583
## CAUSE NO. _____

| | | |
|---|---|---|
| **CITY OF DENISON, TEXAS** § | | **IN THE DISTRICT COURT** |
| §  | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| **AB SHERMAN HOLDING COMPANY,** § | | **GRAYSON COUNTY, TEXAS** |
| **LLC, and real property located at 1527 S.** § | | |
| **Austin Avenue, Denison, Texas (*in rem*)** § | | |
| § | | |
| *Defendant.* § | | 15th |
| | | _____ **JUDICIAL DISTRICT** |

## **PLAINTIFF'S ORIGINAL PETITION, VERIFIED REQUEST FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the City of Denison, Texas, Plaintiff, and files this original petition, verified request for temporary restraining order, temporary injunction and permanent injunction, and would respectfully show unto the Court the following:

### I. PARTIES

Plaintiff City of Denison, Texas, is a home-rule municipality located in Grayson County, Texas.

Defendant AB Sherman Holding Company, LLC ("AB Sherman") is a domestic limited liability company that may be served with process through its registered agent, Christie Clark. AB Sherman owns or controls, in whole or in part, the real property located in Grayson County that is the subject of this suit by virtue of a special warranty deed attached as an exhibit to this pleading. Service of process may be made upon Christie Clark, at its last known

address, 1914 W. McKinney Street, Unit B, Houston, TX 77019, or wherever the agent may be found.

Defendant real property located at 1527 South Austin Avenue, Denison, Grayson County, Texas ("Property") that is subject to a special warranty deed filed in the Official Records of Grayson County, Texas under Instrument Number 2023-8829, is sued *in rem* under Texas Local Government Code sec. 54.018(b)(2), has apartments named the Circle Apartments located on the Property ("Apartments"), and may be served by serving its owner's registered agent Christie Clark, at its last known address, 1914 W. McKinney Street, Unit B, Houston, TX 77019 , or wherever the agent may be found.

## II. VENUE AND JURISDICTION

Pursuant to Texas Local Government Code §§ 54.012, 54.013, 54.015 and 54.018, a municipality may bring an action to compel the repair or removal of a structure and seek a judgment against the owner and the property.

Venue is proper, and this Court has jurisdiction pursuant to Section 54.013 of the Texas Local Government Code, because Denison and the Apartments are located in Grayson County, Texas and the aforementioned statutes explicitly authorize municipalities to bring actions such as this. Additionally, venue is proper in this Court because all or a substantial portion of the events giving rise to this claim have occurred and are occurring in Grayson County, Texas. Plaintiff seeks to obtain a temporary restraining order, a temporary injunction and permanent injunctive relief and recover civil penalties against Defendants pursuant to section 54.016 and section 54.017 of the Texas Local Government Code.

The damages sought are within the jurisdictional limits of this Court as Plaintiff seeks civil penalties in an amount to be determined as authorized by Chapter 54, excluding interest

costs of court and non-monetary relief pursuant to Rule 47 of the Texas Rules of Civil Procedure.

### III. BASIS OF CHAPTER 54 LAWSUIT

The City of Denison seeks compliance with its ordinances at the Apartments for the protection of the public health and safety. Buildings on the subject property contain numerous City code violations, which render them unsafe and substandard. The buildings present an immediate health and safety hazard to the City and its residents at large. The purpose of a Chapter 54 lawsuit is to obtain compliance with public health and safety ordinances and eliminate or mitigate violations that pose a substantial danger of injury or property damage to others.

### IV. BACKGROUND

*A. Ownership*

Apex Circle, LLC ("Apex") purchased the property that is the subject of this Chapter 54 lawsuit on November 23, 2020. A copy of Apex's special warranty deed is attached hereto as **Exhibit 1**. On March 30, 2023, Apex sold the Property to Defendant, AB Sherman. A copy of the special warranty deed, dated March 30, 2023, which establishes AB Sherman's ownership and the legal description of the Apartments is attached hereto as **Exhibit 2** and incorporated herein for all purposes. AB Sherman currently owns the Circle Apartments. Buildings at the Apartments contain numerous City code violations, which render them unsafe and substandard. The buildings present an immediate health and safety hazard to the City and its residents at large.

Before AB Sherman purchased the property from Apex, Apex's lender had filed a lawsuit against Apex to appoint a receiver and protect the lender's assets (the Apartments)

in Cause No. CV-23-0267 in the 15th Judicial District of Grayson County. Apex then removed the matter to federal court in Civil Action No. 4:23-cv-00195. Thereafter, Denison filed a motion to intervene in the pending federal court matter on March 24, 2023. Upon filing its motion to intervene, Denison also filed a notice lis pendens on March 24, 2023 in Official Records of Grayson County, Texas under Instrument Number 2023-7300, a copy of which is attached hereto as **Exhibit 3**. Because Apex no longer owns the Apartments, the City's motion to intervene in the federal court proceeding is now moot, and Denison brings this claim against the new owner, AB Sherman.

### B. February 15, 2023 Notice of Violations

On February 15, 2023, Denison gave "Notice of Violations" to Apex via certified mail. Denison also physically posted a copy of the Notice of Violations at the Apartments on that same date. Additionally, a copy of the letter was sent to Apex's lender/trustee and to its attorney of record. A copy of the 2/15/2023 Notice of Violations is attached hereto as **Exhibit 4** and incorporated herein for all purposes. The 2/15/2023 Notice set forth the Apartment's violations by building.

The Notice of Violations describes in detail, with applicable Denison Code[1] references, the violations found during the February 15, 2023 inspection:

- Building "1" suffers from numerous exterior violations including multiple areas of windows and door frames not weather tight, exterior surfaces with flaking or

---

[1] The City asks the Court to take judicial notice of the City of Denison Code of Ordinances, specifically those sections listed herein and as set forth in Exhibit 4, 2/15/2023 Notice of Violations, incorporated herein for all purposes. *See* Tex. R. Evid. 204 (governing judicial notice of Texas municipal and county ordinances and orders); *Ryerson v. City of Plano*, No. 05-21-00344-CV, 2022 WL 2680613, at *1 (Tex.App.-Dallas July 12, 2022, no pet. h.) (taking judicial notice of certified copy of city's code); *Farahnak v. City of Southlake Bd. of Adjustment*, No. 02-21-00202-CV, 2022 WL 405899, at *1 (Tex.App.-Fort Worth Feb. 10, 2022, no pet. h.) (taking judicial notice of online city ordinances). Denison's Code of Ordinances may be found online at: https://library.municode.com/tx/denison/codes/code_of_ordinances

- chipping paint, and parts of the roof in disrepair, in violation of Code Sections 13-135 (E), (F) and (L).

- Various units in Building "1" were observed to suffer from additional violations including, but not limited to, accumulation of waste, multiple holes in walls and flooring, visible pest/vermin infestation, and water leaks in violation of various provisions of the International Property Maintenance Code ("IPMC") and International Fire Code ("IFC") – IPMC 305.1, 305.3, 309.1, 504.1, and IFC 304, 7, which are incorporated into Chapter 5 of Denison's Code.

- Units 113, 119 and 120 were tagged with a notice of "**No Occupancy**" due to the aforementioned violations and those set forth in Ex. 4.

- Building "2" suffers from numerous exterior violations including, but not limited to, broken windows, , lack of weather tight door frames, deteriorated weather proofing on stairs and walkways, and hazardous wiring in violation of Code Sections 13-135 (E), (H), (L), (M), IPMC 605.4 and IFC 605.1.

- Various units in Building "2" were also observed to suffer from additional violations including holes in walls, exposed electrical wiring, unknown growth throughout, collapsed ceiling, and water damage in violation of various provisions of the International Property Maintenance Code ("IPMC") and International Fire Code ("IFC") – IPMC 102.8, 305.3,504.1, 604.3, and IFC102.9, 7, which are incorporated into Chapter 5 of Denison's Code.

- Units 210, 212, 213 and 223 were tagged with a notice of "**No Occupancy**" due to the aforementioned violations and those set forth in Ex. 4.

- Building "3" suffers from numerous exterior violations similar to Building "2," in violation of Code Sections 13-135 (E), (H), (L) and IFC 906 2A-10BC.

- Various units in Building "3" suffer from additional violations similar to Building "2," including, but not limited to IMPC 102.8, 305.1.1, 305.3, and IFC 9 and 102.9. Violations of IPMC 305.1.1 is particularly notable because it addresses flooring systems being required to conform to live loads (*i.e.*, to prevent people from falling through floors).

- Units 310, 311, 312 and 327 were tagged with a notice of "**No Occupancy**" due to the aforementioned violations and those set forth in Ex. 4.

- Building "4" suffers from deteriorated weatherproofing around the door frame in violation of Code Section 13-135 (E).

- The mailbox area and office building were noted to have additional violations, including, but not limited to sewer leaks, exposed electrical wiring, and Knox Box key does not open riser door in violation of IPMC 604.3, IFC 9, and Sec.26-136.(q).

The Notice provided Apex 30 days to meet applicable standards and advised Apex that the failure to comply could result in citations being issued. *See* Exhibit 4, p. 5.

More than 30 days passed after the City delivered the Notice to the Apartments and Apex made no attempt to comply with the ordinance violations. Instead, it sold the Apartments to AB Sherman. AB Sherman has now owned the property for over a month and the violations have not been corrected. AB Sherman is not excused from complying with City code violations meant for the protection of public health and safety simply because it is a purchaser of the Apartments. Significantly, the Apartments do not have a certificate of occupancy, required by City code section 5-301(b)(4). A certificate of occupancy is a document issued by the City certifying a building's compliance with applicable building and fire codes, and indicating it to be in a condition suitable for occupancy. Without a certificate of occupancy, not a single Apartment building can be legally occupied. A new certificate of occupancy is required within 90 days of a change in ownership. *Id.*

The City seeks to enforce its codes and ordinances to abate the conditions at the Apartments that present a safety hazard to the public as permitted by Chapter 54 of the Texas Local Government Code. AB Sherman has an obligation to comply as owner.

Before AB Sherman's purchase of the Apartments, Denison had been attempting to obtain Apex's compliance with the City's ordinances to preserve and protect the health and safety of the public. On multiple dates in January and February of 2023, City personnel visited the Apartments and took photographs of the condition of the Apartments. Those photographs are attached as **Exhibit 5** and incorporated herein for all purposes.

The photographs depict: refuse and trash overflowing dumpsters; refuse and trash scattered about the property; junk vehicles with long-expired registrations; at least one dog chained to an exterior porch; discarded furniture and junk; and residential units with severe water damage and evidence of significant mold growth.

## V. DENISON'S INTERESTS

Denison has a legally protectable interest because of its unquestionable stake in the enforcement of its duly enacted laws. Tex. Local Gov't Code § 54.001; *LJD Properties, Inc. v. City of Greenville*, 753 S.W.2d 204, 207 (Tex. App.—Dallas 1988, writ denied) (city has interest in abating dangerous building that creates hazard to health, safety, welfare). It is also clear that where a building creates a hazard to health, safety, comfort or welfare, a nuisance exists as a matter of law, which can be abated by the government. *LJD Properties, Inc. v. City of Greenville*, 753 S.W.2d at 207.

Texas Local Government Code chapter 54 provides a statutory civil action for the City to enforce its ordinances designed to protect health and safety standards. Tex. Local Gov't Code §§ 54.011-54.020; *City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015) (Ch. 54 establishes right of action to enforce certain municipal ordinances).

## VI. INJUNCTIVE RELIEF

When a city shows the violation of an ordinance adopted for the public welfare and a statute authorizes injunctive relief, the city need not prove imminent, irreparable injury. *Rhone v. City of Tex. City*, 657 S.W.3d 857, 861 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.); citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *8100 North Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Proof of ordinance violations alone constitutes a right to injunctive relief, and the Denison

has an interest in enforcing its ordinances for the protection of the public. *Id.* (citing Tex. Loc. Gov't Code Ann. § 54.016); *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 402 (Tex. 1964); *San Miguel v. City of Windcrest*, 40 S.W.3d 104, 108 (Tex. App.—San Antonio 2000, no pet.); *Hollingsworth v. City of Dallas*, 931 S.W.2d 699, 703 (Tex. App.—Dallas 196, writ denied); *Maloy v. City of Lewisville*, 848 S.W.2d 380, 385 (Tex. App.—Fort Worth 1993 no writ). When the facts conclusively show a party is violating the substantive law, it becomes the duty of the Court to enjoin the violation and in such case there is no discretion to be exercised. *Priest v. Texas Animal Health Comm'n*, 780 S.W.2d 874, 876 (Tex. App.—Dallas 1989, no writ) (state law violation*); San Miguel v. City of Windcrest*, 40 S.W.3d 104, 107 (Tex. App.—San Antonio, no pet.) (city ordinance violation).

Denison asserts claims against the owner of the Apartments and the Property under Subchapter B of Chapter 54 of the Texas Local Government Code. All conditions precedent necessary to bring this action were performed or have occurred.

Section 54.012 of the Texas Local Government Code provides in pertinent part that a municipality may bring a civil action for the enforcement of an ordinance:

- for the preservation of public safety, relating to the materials or methods used to construct a building or other structure or improvement, including the foundation, structural elements, electrical wiring or apparatus, plumbing and fixtures, entrances, or exits;

- relating to the preservation of public health or to the fire safety of a building or other structure or improvement, including provisions relating to materials, types of construction or design, interior configuration, illumination, warning devices, sprinklers or other fire suppression devices, availability of water supply for extinguishing fires, or location, design, or width of entrances or exits;

- relating to dangerously damaged or deteriorated structures or improvements; and

- relating to conditions caused by accumulations of refuse, vegetation, or other matter that creates breeding and living places for insects and rodents.

Tex. Loc. Gov't Code § 54.012(1), (2), (6), (7). Chapter 54 further provides that:

> On a showing of substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant, the municipality may obtain against the owner or owner's representative with control over the premises an injunction that:
>
> (1) **_prohibits specific conduct_** that violates the ordinance; and
> (2) **_requires specific conduct_** that is necessary for compliance with the ordinance.

Tex. Loc. Gov't Code Ann. § 54.016(a) (emphasis added). Chapter 54 also provides that:

> (a) The municipality may bring an action to compel the **_repair_** or demolition of a structure or to obtain approval to remove the structure and recover removal costs.
>
> (b) In an action under this section, the municipality may also bring:
>  (1) a claim for **_civil penalties_** under Section 54.017; and
>  (2) an action **_in rem_** against the structure that may result in a judgment against the structure as well as a judgment against the defendant.
>
> (c) The municipality may file a **_notice of lis pendens_** in the office of the county clerk. If the municipality files the notice, a subsequent purchaser or mortgagee who acquires an interest in the property takes the property subject to the enforcement proceeding and subsequent orders of the court.

Tex. Loc. Gov't Code § 54.018 (emphasis added).

It is not necessary for a city to prove that another adequate remedy does not exist or that the city has attempted criminal prosecution.[2] Tex. Loc. Gov't Code Ann. § 54.016(b). Nor is it necessary for a city to prove continuing violations to obtain injunctive relief (although Denison's petition contains allegations and evidence of continuing and ongoing violations).

---

[2] Although not required, the City has attempted criminal prosecution. Apex's criminal citations remain unanswered and Apex has not appeared in Denison Municipal Court as of this date.

*Polecat Hill, LLC v. City of Longview*, No. 06-20-00062-CV, 2021 WL 5702184, at *11 (Tex. App.—Texarkana Dec. 2, 2021, no pet.) (proof of continuing violations not required). Under the plain text of § 54.016, the City may obtain mandatory injunctive relief without showing extreme hardship, extreme necessity, or irreparable injury. *See Rhone v. City of Tex. City*, 657 S.W.3d 861 (city of Texas City obtained a temporary injunction against an apartment complex under § 54.016).

As a matter of law, Denison is entitled to injunctive relief if it proves the violation of a health and safety ordinance with a showing of substantial danger of injury or adverse health impact to any person or property of another. Tex. Loc. Gov't Code § 54.016.

Defendant AB Sherman is in violation of numerous provisions of Denison's Code of Ordinances, which have been adopted for the purpose of preserving public safety, health and welfare, including:

(1) Chapter 7, Article III, Section 7-89, which adopts the 2018 International Fire Code.
(2) Chapter 13, Section 13-135 – Minimum Standards: Exterior Structure Maintenance.
(3) Chapter 13, Section 13-154 – Dangerous Buildings Designated.
(4) Chapter 13, Section 13-183 – Minimum Standards: Interior Premises, which adopts the 2012 Edition of the International Property Maintenance Code.
(5) Chapter 26, Article II, Section 256-136, Acts Adversely Affecting Water Quality.
(6) Chapter 5, Article III, Section 5-301(b)(4) addressing certificates of occupancy.

The City is seeking injunctive relief pursuant to §§ 54.012, 54.016, and 54.018 of the Texas Local Government Code. The City's petition contains undisputable facts from which the Court can conclude that the condition of the Apartments creates a substantial danger of injury and adverse health impact to persons because of the conditions set forth in the Notice

of Violations. Denison seeks the ability to force compliance with its ordinances. These documented and ongoing conditions at the Apartments constitute clear violations of municipal ordinances governing health and safety and the conditions described in the Notice of Violations represent a threat to the safety of the public. It is not necessary for the City to prove that another adequate remedy or penalty for a violation does not exist. Tex. Local Gov't Code § 54.016(b). The acts and/or omissions of Defendants threaten the welfare of occupants, surrounding residents, citizens of Denison, and the public at large in the vicinity.

Denison requests a temporary restraining order and a temporary injunction ordering AB Sherman to comply with the City Ordinances, including compliance with the aforementioned provisions of the City Code and International Codes, as adopted by the City, and to repair the Property to bring it into compliance with said provisions and/or remove hazardous material from the Property, as applicable. Each day that the Apartments are allowed to remain in the condition they are in is further opportunity for their condition to deteriorate, for occupants (whether legally occupied or not) to suffer illness or injury as a result of the Property's condition, and for public harm to result. Denison has no adequate remedy at law. Although Chapter 54 permits the recovery of civil penalties, these are inadequate to protect the health, safety and welfare of the public.

The City seeks injunctive relief ordering that (1) the Defendants obtain necessary permits to remediate and repair the violations stated in the Notice of Violations; (2) cure all violations of Denison's Minimum Property Standards Code, International Fire Code, International Property Maintenance Code and City of Denison Ordinances set forth in the Notice of Violation (Ex. 4); and (3) require that repairs be completed by licensed contractors. It is essential that the Court immediately set a hearing on Denison's request for a temporary

injunction because of the danger posed by the condition of the Apartments, which constitute dangerous and substandard structures under Denison's Code of Ordinances, Sec. 13-137, Sec. 13-154 and Sec. 13-183. Such structures constitute nuisances, which Denison is authorized to abate under Texas law.

For these reasons, Denison requests that this Court enter a temporary restraining order and temporary injunction as set forth above and that upon final hearing enter a permanent injunction regarding same.

## VII. CIVIL PENALTIES

Pursuant to § 54.017 of the Texas Local Government Code, Denison requests civil penalties not to exceed one thousand dollars ($1,000) per day per violation of the City Codes that exist on the Property.

Denison requests post-judgment interest and costs of court.

Denison, as a municipality, is not required to post a bond to obtain injunctive relief. *See* Tex. Civ. Prac. & Rem. Code § 6.002.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff City of Denison, Texas prays for the following relief:

(1) That the Court grant a temporary restraining order and set a hearing for the temporary injunctive relief requested herein and that Defendant be cited to appear on that date and show cause why it should not immediately be restrained and/or compelled to bring the Apartments into compliance with the ordinances of the City of Denison and thereafter maintain the Apartments in compliance with the ordinances of the City of Denison and that, upon final hearing, the temporary injunctive relief requested herein be made permanent;

(2) That Denison be awarded judgment against Defendants for a civil penalty not to exceed one thousand dollars ($1,000) per day for each violation of the City of Denison's Code of Ordinances;

(3) That Denison be awarded costs of court;

(4) That Denison be awarded post-judgment interest at the highest legal rate; and

(5) Grant Denison such other and further relief, both general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Wm. Andrew Messer*
**WM. ANDREW MESSER**
STATE BAR NO. 13472230
andy@txmunicipallaw.com
**JULIE Y. FORT**
STATE BAR NO. 00793741
julie@txmunicipallaw.com
MESSER, FORT & MCDONALD, PLLC
6371 PRESTON ROAD, SUITE 200
FRISCO, TEXAS 75034
972.668.6400 - TELEPHONE
972.668.6414 – FACSIMILE

—AND—

*/s/ Bradford E. Bullock*
**BRADFORD E. BULLOCK**
STATE BAR NO. 00793423
brad@txmunicipallaw.com
**ARTURO D. RODRIGUEZ, JR.**
STATE BAR NO. 00791551
art@txmunicipallaw.com
MESSER, FORT & MCDONALD, PLLC
4201 W. PARMER LN, STE. C-150
AUSTIN, TEXAS 78727
512.930.1317 – TELEPHONE
972.668.6414 – FACSIMILE

**ATTORNEYS FOR PLAINTIFF**
**CITY OF DENISON**